### M. P. Schenk, Chester Schenk and Caroline Russell v. Mercy Schenk.

1. ADMINISTRATORS—*May be Appointed to Preserve an Estate until Probate of Will.*—The County Court may appoint any person as administrator to collect and preserve an estate of a decedent until the probate of his will or administration of his estate is granted, whenever any contingency happens that is productive of great delay before letters testamentary or of administration can be issued.

Schenk v. Schenk.

**Administration of Estates.**—Trial in the Circuit Court of Fulton County, on appeal from the County Court; the Hon. JOHN A. GRAY, Judge, presiding. Finding for petitioner; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

W. SCOTT EDWARDS, attorney for appellants.

During any contest in relation to the probate of any will before the same is recorded, or during any contest over the right of executorship, or to administer the estate of any person dying testate or intestate, or when any contingency happens which is productive of great delay before letters can be issued, the County Court may appoint any person or persons administrator to collect, etc. Sec. 11, Adm'r Act, Hurd's S. 1897.

It does not contemplate or provide for any petition, and outside of what is contained in the petition filed in this case, which was not offered in evidence, there is not one word of evidence that brings this case within the law above cited. No evidence that there is a contest over any will, or over the right to administer, or to bring the case within any of the provisions of any part of that section of the statute.

CHIPERFIELD, GRANT & CHIPERFIELD and LAWRENCE W. JAMES and J. D. BRECKENRIDGE, attorneys for appellee.

PER CURIAM.

Appellee, widow of John Schenk, deceased, filed her petition in the County Court of Fulton County, setting up that her husband died March 26, 1898, leaving a will and a large amount of real and personal property; that the will was admitted to probate May 3, 1898; that Chester Schenk, the executor named in the will had prosecuted an appeal from the order admitting the will to probate, which was still pending; that her award had not been set out to her and that assets of the estate were in danger of being lost pending the appeal and praying that an administrator be appointed to collect. The County Court appointed W. C. Worley, administrator to collect, and appellants appealed to the Cir-

cuit Court.   Upon a hearing in the Circuit Court, the order
of the County Court was affirmed and judgment rendered
against appellants for costs.

The action of the court below is fully supported by sec-
tion 11, chapter 3, of the Revised Statutes, entitled "Admin-
istration of estates," which reads:

" During any contest in relation to the probate of any will,
testament or codicil, before the same is recorded, or until a
will which may have once existed, but is destroyed or can-
celed, is established and the substance thereof committed to
record with proof thereupon taken, or during any contest
in regard to the right of executorship, or to administer the
estate of any person dying testate or intestate, or whenever
any other contingency happens that is productive of great
delay before letters testamentary or of administration can
be issued upon the estate of such testator or intestate to the
person or persons having the legal preference to the same,
the County Court may appoint any person or persons as
administrators to collect and preserve the estate of such
decedent until probate of his will, or until administration of
his estate to be granted, taking bond," etc.   Schenk et al. v.
Schenk, 2.

Complaint is made because the court rendered judgment
against appellants for costs.   So far as the costs of enter-
ing the order of appointment of Worley in the County
Court is concerned, that should be paid out of the assets of
the estate; but all other costs were occasioned by the resist-
ance of appellants and should be paid by them.   We are
not disposed to reverse the judgment because the court
included in its order for payment of costs the small fee due
the county clerk for entering the order of appointment.
Order affirmed.